UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID CARTER,

                Plaintiff,

           -against-                        20-CV-5955 (CM)

NEW YORK STATE; C.O. MORGES,            ORDER OF DISMISSAL UNDER
DOWNSTATE CORRECTIONAL FACILITY;     28 U.S.C. § 1915(g)
C.O. MELENDEZ, DOWNSTATE
CORRECTIONAL FACILITY,

                Defendants.

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently detained at the George R. Vierno Center in the custody of the New York City Department of Correction (DOC), filed this action *pro se* in the United States District Court for the Northern District of New York, which transferred it here. Plaintiff seeks to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Carter v. New York City John Doe Corr. Officer*, ECF 1:16-CV-3466, 6 (S.D.N.Y. Aug. 25, 2016). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[A] prisoner can proceed IFP even after incurring three strikes if his complaint alleges an 'imminent danger of serious physical injury.'" *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (quoting 28 U.S.C. § 1915(g)). Moreover, courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception" because § 1915(g) "concerns only a threshold procedural question" about when payment for the filing fee is to be made. *Id.*

Plaintiff alleges that on May 14, 2019, Correction Officer Morges deliberately pushed him down a stairwell at Great Meadow Correctional Facility. Correction Officer Melendez then allegedly helped Correction Officer Morges further physically assault Plaintiff at the bottom of the stairwell.[1]

In considering whether a prisoner's complaint falls within the imminent danger exception, "it is not sufficient to allege that 'harms . . . had already occurred'" before the complaint was filed. *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("[A] three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."). But allegations of past violence can satisfy the imminent danger exception when, for example, the past harms are part of an ongoing pattern of acts. *Chavis*, 618 F.3d at 170.

Plaintiff's allegations that he suffered a past assault while incarcerated at Downstate Correctional Facility do not suggest that he currently faces an imminent danger. Plaintiff was incarcerated at Great Meadow Correctional Facility when he filed this complaint in the United States District Court Northern District of New York, and he is currently detained at GRVC in DOC custody. Plaintiff makes no allegation suggesting that this May 2019 incident involving two correction officers at Downstate Correctional Facility is part of a continuing pattern of ongoing acts.

The Court therefore denies Plaintiff's request to proceed IFP in this action because he is barred under § 1915(g) and the complaint does not show that he faces imminent danger. Plaintiff therefore must prepay the $350.00 filing fee to proceed with this action.

---

[1] The Court previously dismissed Plaintiff's April 30, 2020 complaint, which appears to have brought claims arising from the same incident at Downstate Correctional Facility. *See Carter v. Morges*, No. 20-CV-3367 (CM) (S.D.N.Y. May 18, 2020).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 12, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).